```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

SOMADISHAH SHANNON

                    Plaintiff,         1:16-cv-06796 MAT
        -v-                            DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                    Defendant.
_____
```

# INTRODUCTION

Somadishah Shannon ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

# PROCEDURAL BACKGROUND

On March 27, 2012, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of June 1, 2009 due to spinal disease, depression, arthritis in her feet and hands, and dental problems. Administrative Transcript ("T.") 293, 305. The claims were initially denied on July 16, 2012. T. 140-46. At

Plaintiff's request, a hearing was conducted on December 16, 2013, in Rochester, New York by administrative law judge ("ALJ") John Costello, with Plaintiff appearing with her attorney. A vocational expert also testified. T. 76-108. The ALJ issued an unfavorable decision on January 29, 2014. T. 118-130. Plaintiff appealed the decision to the Appeals Council ("AC"), which remanded the case on March 27, 2015 for further development. T. 135-38. A new hearing was held on November 16, 2015 in Rochester, New York, by ALJ John Costello. T. 38-75. Plaintiff appeared with her attorney and testified. An impartial VE also testified. *Id*.

The ALJ issued an unfavorable decision on January 21, 2016. T. 14-30. On October 28, 2016, the AC denied Plaintiff's timely request for review, making the ALJ's decision the final decision of the Commissioner. T. 1-6. This action followed.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a). Initially, the ALJ found Plaintiff met the status requirements of the Act through June 30, 2013. T. 20.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2009, the alleged onset date. T. 20.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: lumbar stenosis and mild disc disease; arthritis, feet; tendonitis, wrists; depression; anxiety; and obesity. *Id*. The ALJ also noted that Plaintiff alleged she has gastritis. However, the ALJ found there was no evidence in the record indicating gastritis caused more than a minimal limitation in Plaintiff's ability to perform basic work activities. Accordingly, the ALJ found Plaintiff's gastritis to be non-severe. *Id.*

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. 20.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), with the following additional limitations: able to engage in frequent fingering; limited to performing simple, routine tasks; and limited to working primarily alone, with only occasional supervision, because of difficulty handling stress and working with others. T. 22.

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. T. 28. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's

age, education, work experience, and RFC, there are unskilled jobs existing in the national economy Plaintiff is able to perform, including the representative occupations of housekeeping/cleaner and mail clerk. T. 29. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 30.

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d

172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ erred by failing to incorporate difficulties in maintaining attendance in the hypothetical to the VE or in the RFC finding; (2) the ALJ erred by not analyzing the opinion of Dr. Kevin Zhao under the treating physician rule; (3) the ALJ impermissibly cherry picked the opinions of Dr. Robbyn Upham and Dr. Karl Eurenius, specifically leaving out any limitation in the ability to reach from the RFC finding; and (4) the ALJ erred by failing to ask the VE about limitations in walking, standing, sitting, pushing, pulling, lifting, and carrying. For the reasons discussed below, the Court finds Plaintiff's arguments without merit and affirms the Commissioner's final determination.

**I. The Omission of Difficulties Maintaining Attendance in the Hypothetical and RFC Finding was Not Error**.

Plaintiff argues the ALJ committed legal error because he did not include difficulty maintaining attendance in a hypothetical presented to the VE at the hearing or in his final RFC finding. For the reasons discussed below, the Court finds that the ALJ provided acceptable justification for declining to adopt Plaintiff's alleged difficulties in maintaining attendance.

The record in this case contains several medical opinions that include limitations on maintaining a regular schedule and/or

5

attendance. Specifically, consultative examiner Dr. Kavitha Finnity opined Plaintiff "is unable to maintain a regular schedule" (T. 636); non-examining state agency review psychiatrist Dr. R. Nobel noted Dr. Finnity's opinion and opined Plaintiff was moderately limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (T. 652); and licensed mental health counselor ("LMHC") Rose Marshall, mental health counselor ("MHC") Karyn Socci, and licensed medical social worker ("LMSW") Meghan Stich each opined Plaintiff had moderate limitations regularly attending to a routine and maintaining a schedule (T. 372, 376, 901).

In his decision, the ALJ summarized each of the opinions noted above and included specific reference to the portions of the opinions pertaining to Plaintiff's ability to maintain a schedule. *See* T. 25-27. However, the ALJ chose to give all five of these opinions limited weight and properly explained his reasoning for the weight he accorded to each opinion. In particular, he noted that portions of Dr. Finnity's opinion were inconsistent with Plaintiff's daily activities, including her ability to care for her children and maintain a partner relationship. T. 26. With respect to Dr. Nobel's opinion, although Dr. Nobel opined Plaintiff would be moderately limited in her ability to maintain regular attendance and be punctual within normal tolerances, the ALJ noted Dr. Nobel had also specifically opined Plaintiff was capable of performing

6

simple to semi-skilled work on a sustained basis. *Id*. The ALJ further noted that LMHC Marshall had only been treating Plaintiff for two weeks and seen Plaintiff just twice before issuing her opinion (T. 25), and that both MHC Socci and LMSW Stich's opinions were inconsistent with their reports that Plaintiff had relatively normal functioning (T. 26-27).

Plaintiff contends that the ALJ erred in rejecting the portions of these opinions related to ability to maintain a regular schedule. The Court disagrees.

As a threshold matter, the Court notes that Plaintiff has failed to demonstrate that the moderate limitations in the ability to maintain a schedule suggested by the above-listed sources are inconsistent with the assessed RFC. There is significant case law indicating that the ALJ's limitation of Plaintiff to "simple, routine tasks" and "working primarily alone, with only occasional supervision" accounts for her limitations for performing activities within a schedule and maintaining regular attendance. *See*, *e.g.*, *Lowry v. Comm'r of Soc. Sec.*, No. 115CV1553GTSWBC, 2017 WL 1290685, at *4 (N.D.N.Y. Mar. 16, 2017), *report and recommendation adopted*, 2017 WL 1291760 (N.D.N.Y. Apr. 6, 2017) (moderate limitations in the ability to maintain concentration or a regular schedule or to deal with stress do not prevent a claimant from performing simple, routine work); *Landers v. Colvin*, No. 14-CV-1090S, 2016 WL 1211283, at *4 (W.D.N.Y. Mar. 29, 2016) (limitation to "'simple, repetitive,

7

and routine tasks' account[ed] for [p]laintiff's limitations [in] maintaining attention and concentration, performing activities within a schedule, and maintaining regular attendance"); *Sipe v. Astrue*, 873 F. Supp. 2d 471, 481 (N.D.N.Y. 2012) (moderate limitations in "relating to instructions, concentration, attendance" were consistent with unskilled work). Moreover, Dr. Nobel expressly opined that Plaintiff was capable of performing simple to semi-skilled work on a sustained basis, despite her moderate attendance difficulties. Accordingly, the Court finds that the ALJ's RFC finding accounts for Plaintiff's moderate limitations in maintaining a schedule.

Even assuming that the ALJ did in fact reject the portions of the previously discussed opinions regarding Plaintiff's attendance difficulties, the Court would still find no error. With respect to Dr. Finnity and Dr. Nobel's opinions, an ALJ has discretion to weigh the opinions of consultative examiners and attribute the appropriate weight based on his or her review of the entire record. *See Burnette v. Colvin*, 564 F. App'x 605, 605 (2d Cir. 2014) (finding that the ALJ properly exercised his discretion in giving little weight to the consultative examiner's opinion, as it was inconsistent with the record as a whole). Furthermore, the ALJ may properly discount a medical opinion where it is inconsistent with the claimant's own testimony regarding her "daily functioning." *Domm v. Colvin*, 579 F. App'x 27, 28 (2d. Cir. 2014). Here, the

ALJ's finding that Plaintiff's activities were inconsistent with limitations for maintaining a schedule was reasonable and consistent with the evidence of record. Specifically, the ALJ noted Plaintiff's ability to care for her five children and maintain a partner relationship, as well as displaying overall normal functioning to her treating sources. *See* T. 26-27. The ALJ therefore appropriately explained his opinion to credit only portions of Dr. Finnity and Dr. Nobel's opinions.

With regard to the opinions of Plaintiff's mental health counselors, the Court notes that mental health counselors are "not an acceptable treating source as defined by the Commissioner." *Esteves v. Barnhart,* 492 F. Supp. 2d 275, 281 (W.D.N.Y. 2007). An ALJ may reject the opinion of a mental health counselor where it is inconsistent with the other evidence of record. *See Bulavinetz v. Astrue,* 663 F. Supp. 2d 208, 212 (W.D.N.Y. 2009).

Here, and as the ALJ noted in his decision, MHC Socci's assessment was internally inconsistent in finding Plaintiff had normal functioning in four of the six areas of functioning and moderate limitations in only two areas of functioning, yet would be unable to work for three months. T. 27. Likewise, the ALJ found LMSW Stich's opinion that Plaintiff would be unable to work for six months inconsistent with her report that Plaintiff had normal functioning and the ability to understand simple instructions, perform simple and complex tasks independently, and maintain basic

9

standards of hygiene and grooming. *Id*. These explanations are consistent with the record and adequately support the ALJ's decision to afford the opinions in question only limited weight. *See Kelsey v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 414 (W.D.N.Y. 2018) ("It is an appropriate exercise of discretion for an ALJ to afford little weight to a medical opinion that is internally inconsistent."). Accordingly, the Court finds that, to the extent the ALJ decided to omit any limitation in maintaining a schedule from the hypotheticals to the VE and the ultimate RFC finding, it was a permissible exercise of discretion.

**II. Evaluation of Dr. Kevin Zhao's Medical Opinion**

Plaintiff's second argument is that the ALJ failed to properly evaluate the medical opinion of Plaintiff's treating physician, Dr. Zhao. Specifically, Plaintiff contends the ALJ committed legal error by failing to assess Dr. Zhao's opinion under the treating physician rule. For the reasons discussed below, the Court finds the ALJ's failure to acknowledge that Dr. Zhao was a treating physician harmless.

In April 2009, prior to Plaintiff's alleged onset date of June 1, 2009, Dr. Zhao completed a physical assessment of Plaintiff for the Monroe County Department of Human Services. T. 656-59. Using the check-the-box form, Dr. Zhao opined Plaintiff was moderately limited in her ability to walk, stand, sit, push, pull, bend, see, hear, speak, lift, and carry. T. 657. However,

10

Dr. Zhao's contemporary physical examination of Plaintiff demonstrated normal results in all areas except for Plaintiff's squat, which Dr. Zhao noted was abnormal due to Plaintiff's "passive pain." T. 658. The Court notes that Dr. Zhao signed the form "Kevin Zhao" with no indication of his medical credentials or Plaintiff's treating relationship with him. T. 657.

In his decision, the ALJ gave little weight to Dr. Zhao's opinion that Plaintiff would be moderately limited in all areas of functioning, including seeing, hearing, and speaking. T. 25. The ALJ noted that the assessment did not indicate whether Dr. Zhao was an acceptable medical source or what his treatment relationship with Plaintiff was. *Id*. He further reasoned the opinion was general and vague in its assessment of limitations, and that the record as a whole, including Plaintiff's own assertions, gave no support to the finding Plaintiff was limited in her ability to see, hear, or speak. *Id*.

Pursuant to the regulations applicable to Plaintiff's claim, an ALJ is required to give controlling weight to the opinion of a treating physician so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). However, the Second Circuit has repeatedly held that it is permissible for an ALJ to give less than controlling weight to a treating physician's opinion he or she

11

finds does not meet this standard, provided he or she "comprehensively set[s] forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see* 20 C.F.R. § 404.1527(c)(2) (stating the agency "will always give good reasons in our notice of determination or decision for the weight we give to [the claimant's] treating source's opinion").

Here, it does appear from the record that Dr. Zhao was a treating physician and that the ALJ erred by not assessing his opinion under the treating physician rule. However, the Court finds that this error was harmless, because the ALJ thoroughly discussed and assessed Dr. Zhao's opinion. *See Ortiz v. Colvin*, 298 F. Supp. 3d 581, 591 (W.D.N.Y. 2018) (misattribution of treating source opinion was harmless error where the ALJ's "evaluation of that opinion would not have changed had he credited the opinion" to the correct source). The ALJ set forth several legitimate reasons for giving little weight to Dr. Zhao's opinion, which predated the alleged onset date. Specifically, the ALJ noted Dr. Zhao's opinion was conclusory and did not provide detailed medical explanations for the limitations in the assessment. T. 25. Furthermore, the ALJ correctly noted that the medical evidence of record does not support Dr. Zhao's opinion that Plaintiff has limitations with her ability to see, hear, or speak, particularly in light of the fact

12

that Dr. Zhao's own examination of Plaintiff revealed no difficulties in these areas. *Id*. These are appropriate reasons for affording less than controlling weight to the opinion of a treating physician. *See, e.g., Gigliotti v. Berryhill*, No. 3:17-CV-00028 (MPS), 2018 WL 354597, at *11 (D. Conn. Jan. 10, 2018) (holding that an ALJ may afford a treating physician's opinion less than controlling weight where it fails to provide useful information in assessing Plaintiff's functional limitations); *Bulavinetz,* 663 F. Supp. 2d at 211 (finding that the ALJ appropriately rejected the opinion of a treating physician where it was unsupported by medical evidence in the record). The ALJ adequately supported his weighing of Dr. Zhao's opinion with "good reasons," as required by the treating physician rule. *See* 20 C.F.R. § 404.1527(c)(2). Accordingly, the ALJ's error of not recognizing Dr. Zhao as a treating source was harmless.

**III. Evaluation of the Medical Opinions of Dr. Robbyn Upham and Dr. Karl Eurenius**

Plaintiff next argues the ALJ impermissibly cherry picked the opinions of Dr. Upham and Dr. Eurenius by excluding limitations on reaching from the RFC. For the reasons set forth below, the Court finds this argument without merit.

Dr. Upham completed a physical assessment of the Plaintiff for the Monroe County Department of Human Services on September 20, 2011. T. 362-65. In the assessment, Dr. Upham opined Plaintiff was able to work with reasonable accommodations for thirty hours per

13

week. T. 362. Plaintiff had normal findings in all areas of her physical examination. T. 363. Dr. Upham opined Plaintiff should be able to sit in a calm work environment and should avoid standing all day and working in a high stress environment. T. 364. Dr. Upham further opined Plaintiff had no limitations for sitting, and was moderately limited in her ability to walk, stand, push, pull, bend, see, hear, speak, lift, and carry. T. 365.

In his decision, the ALJ gave "significant weight to most of Dr. Upham's opinion." T. 24. However, he noted he did not find any support in the record for Dr. Upham's opinion Plaintiff would be able to work thirty hours instead of forty hours. *Id*. Indeed, despite the fact that the form requested that an explanation be provided for any opinion that an individual was able to work for less than forty hours, Dr. Upham left that portion of the form blank. *See* T. 362. Furthermore, as the ALJ noted, Dr. Upham found no cause to refer Plaintiff to a rheumatologist, as Plaintiff had requested, and instead referred Plaintiff to counseling. *See* T. 27 *referring to* T. 694-95. The ALJ also noted that Dr. Upham had diagnosed Plaintiff with benign lower back pain and ankle pain, most likely due to excess weight causing increased stress on her joints. Dr. Upham encouraged Plaintiff to quit smoking, change her diet, and exercise. *See* T. 24 *referring to* T. 623-24.

On June 24, 2012, Plaintiff was examined by consultative examiner, Dr. Karl Eurenius. T. 629-633. Upon physical examination,

14

Plaintiff appeared in no acute distress. She walked slowly and appeared to limp on both feet. T. 631. Plaintiff had difficulty standing on her toes due to pain and was able to squat three-fourths of full due to back pain. *Id*. Otherwise, Plaintiff's stance was normal and she needed no help changing, getting on or off the examination table, or rising from her chair. *Id*. Plaintiff had sixty degrees of flexion of the lumbar spine and a straight leg raising test was positive at forty-five degrees on both sides. *Id*. Plaintiff had full range of motion of her elbows, forearms, and wrists, though she had decreased grip in her right wrist. T. 632. Plaintiff complained of bilateral pain in her shoulders, but was able to elevate them approximately one hundred ten degrees. *Id*. She had full range of motion in her hips, knees, and ankles on both sides. *Id*.

Dr. Eurenius opined Plaintiff had some limitations in reaching and handling objects with her dominant right hand due to pain in her right wrist and forearm. T. 633. He further opined Plaintiff had some limitations in prolonged walking and climbing stairs due to pain in her feet and may have mild difficulty lifting and carrying due to back pain secondary to arthritis. *Id*.

In his decision, the ALJ gave Dr. Eurenius' opinion significant weight, noting it was generally supported by the medical evidence of record showing Plaintiff has some subjective symptoms of pain with very little evidence to explain the pain.

15

T. 25. However, the ALJ specifically gave little weight to the portion of the opinion that Plaintiff would have difficulty reaching, noting there was no evidence to support that finding. *Id*.

The Court finds no error in the ALJ's consideration of the opinions of Dr. Upham and Dr. Eurenius. As noted above, an ALJ is permitted to discount portions of a consultative examiner's opinion where it is not supported by the medical evidence of record. *See Christina v. Colvin*, 594 F. App'x 32, 33 (2d Cir. 2015) (ALJ did not commit reversible error "by dismissing a portion of the opinion of [the] consultative examiner"). Moreover, even with respect to a treating physician such as Dr. Upham, the ALJ need not adopt those portions of the opinion that are inconsistent with the medical evidence of record. *See Davis v. Comm'r of Soc. Sec.*, No. 2:17-CV-54-JMC, 2018 WL 1061449, at *8 (D. Vt. Feb. 26, 2018) (ALJ properly adopted portions of treating physicians' opinions that were consistent with the other medical evidence, while rejecting those that were not).

In this case, the ALJ set forth legitimate reasons for declining to adopt certain aspects of Dr. Upham and Dr. Eurenius' opinions, identifying those specific portions of the opinions that were not supported by medical evidence. With respect to the specific issue of reaching, the Court notes in particular that Dr. Upham's physical examination of Plaintiff completed the same day she issued her opinion showed that Plaintiff's musculoskeletal

16

system, extremities, and hands were all normal. T. 353, 365. The ALJ's incorporation of only those portions of Dr. Upham and Dr. Eurenius' opinions that were supported by the medical record was appropriate and is not a basis for remand.

**IV. The ALJ's Hypotheticals to the VE were Appropriate**

Plaintiff's final argument is that the ALJ erred when he failed to ask the VE about all the limitations included in Dr. Upham's medical opinion. Specifically, Plaintiff contends the ALJ was required to include limitations to walking, standing, sitting, pushing, pulling, lifting, and carrying in his questions to the VE at the hearing, or, in the alternative, explain in his decision why those limitations were omitted. The Court finds this argument without merit.

As previously noted, Dr. Upham opined Plaintiff had no limitations for sitting, and was moderately limited in her ability to walk, stand, push, pull, bend, see, hear, speak, lift, and carry. T. 365. However, the ALJ rejected certain portions of Dr. Upham's opinion. T. 24. As discussed above, the ALJ was within his discretion to credit those portions of Dr. Upham's opinion that were supported by the medical evidence of record and to reject those portions that were not. Furthermore, there is no need for an ALJ to present a hypothetical to a VE that includes limitations that the ALJ has declined to accept. *See, e.g., McAllister v. Commissioner of Social Sec.*, No. 13-cv-940, 2015 WL 164783 at *10

17

(N.D.N.Y. Jan. 13, 2015) (A hypothetical need only incorporate "limitations that the administrative law judge finds credible and which are supported by substantial evidence."); *Rivera v. Astrue*, No. 11 Civ. 4132, 2012 WL 3307342 at \*3, \*5, \*10 (E.D.N.Y. Aug. 11, 2012) (because the ALJ was entitled to disregard the opinions of the plaintiff's treating physicians, the ALJ's hypothetical to the VE was not required to incorporate added limitations based on those opinions). Here, having determined that only part of Dr. Upham's opinion was supported by the medical evidence, the ALJ did not err in failing to incorporate the rejected portions into his hypotheticals to the VE. Accordingly, the Court finds remand is not warranted on this basis.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 11) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 14) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   December 13, 2018
         Rochester, New York